# SUPREME COURT.

SARAH BROWN agt. JOSEPH CROMIEN *et al.*

*District courts, New York—forcible entry and detainer.*

The district courts of the city of New York have no jurisdiction to entertain proceedings for forcible entry and detainer,

*Special Term, October*, 1875.

VAN VORST, *J.* — The district courts have no jurisdiction to entertain proceedings for forcible entry and detainer.

Chapter 344 of the Laws of 1857 is an act to reduce the several acts relating to the district courts in the city of New York into one act. Section 77 describes the duties of the justices of the district courts, and the authority they may exercise.

They are authorized to perform the duties and exercise all the powers and authority specified in certain provisions of the Revised Statutes, to which particular reference is made.

Whilst they may exercise authority in respect to "summary proceedings" to secure the possession of land in other cases, provided for in article 2, title 2, chapter 8 of the Revised Statutes, no authority is given with respect to proceedings under article 1, which relates to proceedings in respect to forcible entry and detainer.

When we consider the nature and scope of the act of 1857, and the details into which it enters with respect to these courts and the justices thereof, and their powers and duties, we must conclude that the omission in respect to proceedings for forcible entry and detainer was designed, and that the former laws on the subject were repealed.

Brown agt. Cromien.

For the exercise of power in respect to forcible entry and detainer would be inconsistent with the act of 1857, which professes to reorganize these courts and define their duties, as well as the powers of the justices thereof.

To the extent, therefore, of prohibiting the bringing of these proceedings before the justice in question, the prayer of the complaint should be granted.

But the other ruling asked for cannot well be granted, as the plaintiff is not remediless at law. · The summary proceedings may be reviewed by *certiorari*.

To any new proceedings before another tribunal having jurisdiction the plaintiff may interpose any legal ground of resistance in his favor. The defendant Liddy is shown to be responsible, and the remedy which the plaintiff has invoked by action against him will secure her under the covenants in the law.

There should be judgment for the plaintiff to the extent above indicated.